IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-00109-01-CR-W-HFS |
| | ) |
| SEAN A. WINSTON, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

On May 14, 2018, counsel for Defendant Sean A. Winston filed a motion pursuant to 18 U.S.C. § 4241 for a determination of Defendant's mental competency to stand trial. Doc. 18. On May 16, 2018, the Court granted the motion. Doc. 21. The Court directed a psychological or psychiatric examination of Defendant be conducted and the report be filed with the Court pursuant to 18 U.S.C. § 4247(b). *Id*.

In August 2018, the Court received a psychological report from Jesssica Micono, Psy.D., who concluded Defendant was incompetent to understand the nature and consequence of the proceeding against him and assist properly in his defense. Doc. 23.[1] In September 2018, a hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining Defendant's mental competency to stand trial. Doc. 27. At this hearing, counsel for the Government and counsel for Defendant stipulated that the Court could consider Dr. Micono's psychological report as if Dr. Micono had appeared in person and testified under oath. *Id*. No additional evidence was offered by the Government or by Defendant. *Id*.

Based on the record and Dr. Micono's findings, Magistrate Judge John T. Maughmer issued a report recommending the District Court find Defendant was incompetent to understand

---

[1] A copy of the report was provided to and reviewed by counsel for Defendant and the Government.

the nature and consequence of the proceedings against him and assist properly in his defense. Doc. 26. No party objected to Judge Maughmer's Report and Recommendation. On October 1, 2018, District Judge Howard F. Sachs adopted Judge Maughmer's Report and Recommendation. Doc. 28. Judge Sachs committed Defendant to the Attorney General's custody for hospitalization and treatment in a suitable facility to determine whether there was a substantial likelihood that in the foreseeable future the defendant would attain the capacity to permit the trial to proceed. *Id*. at 2.

On July 30, 2020, defense counsel filed a motion asking the Court to direct a qualified local psychiatrist or psychologist to restore Defendant's competency. Doc. 31. Although the Court allotted the time to do so, the Government did not object to or otherwise respond to the motion. On August 19, 2020, Judge Maughmer granted defense counsel's motion and ordered that Defendant's competency restoration be conducted locally by Dr. Jeannette Simmons. Doc. 32.

On October 13, 2020, this matter was transferred to the undersigned. Doc. 33. The undersigned was informed that Dr. Simmons was unable to restore Defendant's competency because, as a psychologist, she was unable to prescribe medication. Thereafter, the Court identified a qualified local psychiatrist to conduct competency restoration. Accordingly, on November 23, 2020, the Court amended Judge Maughmer's August 19, 2020 Order. Doc. 34. In doing so, the Court appointed Stephen E. Peterson, M.D., to conduct Defendant's competency restoration, including any evaluation necessary to determine restoration protocol. *Id*. at 1.

On February 10, 2021, Dr. Peterson authored his report, which was based on his psychiatric evaluation of Defendant on January 21, 2021. Doc. 36.[2] Although Defendant suffers from Bipolar I Disorder, Dr. Peterson found Defendant currently shows stability "even without antipsychotic/ mood stabilizing medications" because he is "in an appropriately controlled environment" at CoreCivic. *Id*. at 14. Dr. Peterson observed that Defendant, while at CoreCivic, has had a "relative

---

[2] A copy of the report was provided to and reviewed by counsel for Defendant and the Government.

2

lack of complexity in day-to-day functioning, lack of access to illicit substances, and lack of interaction with others who would foster maladaptive or antisocial behavior." *Id*.; *see also id*. at 13. Based on his evaluation of Defendant, Dr. Peterson concluded Defendant "currently demonstrates substantial rational ability to understand the nature and consequences of the proceedings against him" and "demonstrates logical capacity to assist properly in his defense." *Id*. at 15.

On February 18, 2021, the Court held a hearing pursuant to 18 U.S.C. § 4247(d). Doc. 38. At the hearing, defense counsel and Government counsel stipulated that the Court could consider Dr. Peterson's psychiatric report as if Dr. Peterson had appeared in person and testified under oath. *Id*. No additional evidence was offered by the Government or Defendant. *Id*. During the hearing, Government counsel, defense counsel, and Defendant stated they had no objection to the undersigned issuing a Report and Recommendation based on Dr. Peterson's February 10, 2021 report and recommending the District Court find Defendant is now competent to stand trial.

Based on the record before the Court, Dr. Peterson's findings, and the parties' agreement to proceed with a competency determination based on Dr. Peterson's report, it is

RECOMMENDED that the District Court find Defendant is competent to understand the nature and consequence of the proceedings against him and to assist properly in him defense.

Counsel are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice.

DATE: February 22, 2021                    */s/ W. Brian Gaddy*
                                                                  W. BRIAN GADDY
                                                                  UNITED STATES MAGISTRATE JUDGE